UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JASMINE WU, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>FARFETCH LIMITED, JOSÉ NEVES, ELLIOT JORDAN, and STEPHANIE PHAIR,<br><br>Defendants. | Case No. 1:23-cv-10982-ER-KHP [rel. 1:24-cv-00532-ER] |
| MICHAEL RAGAN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>FARFETCH LIMITED, JOSÉ NEVES, ELLIOT JORDAN, and STEPHANIE PHAIR,<br><br>Defendants. | Case No. 1:24-cv-00532-ER [rel. 1:23-cv-10982-ER-KHP] |

**STIPULATION AND [PROPOSED] ORDER REGARDING CONSOLIDATION**

Co-Lead Plaintiffs Fernando Sulichin, individually and on behalf of Lyxor Overseas Holdings Ltd & Cinergy Advisors Ltd ("Sulichin"), Yuanzhe Fu ("Fu," and together with Sulichin, "Co-Lead Plaintiffs"), Plaintiff Jasmine Wu ("Wu"), and Defendants José Neves, Elliot Jordan, and Stephanie Phair (collectively, "Defendants," and together with Co-Lead Plaintiffs and Wu, the "Parties"), by and through their undersigned counsel, hereby stipulate and agree as follows and jointly request that the Court enter the below Order approving this Stipulation:

1

**WHEREAS**, on October 20, 2023, Plaintiff Michael Ragan commenced a securities fraud class action against Defendants in the United States District Court for the District of Maryland, Case No. 8:23-cv-02857-MJM (D. M.d.) (the "*Ragan Maryland Action*"), asserting claims on behalf of a putative class under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder, that are subject to the Private Securities Litigation Reform Act of 1995;

**WHEREAS**, on December 19, 2023, Wu commenced a substantively identical action by filing a substantially similar complaint against Defendants in the United States District Court for the Southern District of New York, Case No. 1:23-cv-10982-ER-KHP (S.D.N.Y.) (the "*Wu SDNY Action*"), asserting the same claims on behalf of the same putative class against the same defendants as in the *Ragan Maryland Action* (*Wu SDNY Action*, ECF No. 1);

**WHEREAS**, six alleged members of the putative class filed motions seeking appointment as Lead Plaintiff in the *Ragan Maryland Action* and/or the *Wu SDNY Action*: (i) Sulichin (*Ragan Maryland Action*, ECF No. 35; *Wu SDNY Action*, ECF No. 17); (ii) Fu (*Ragan Maryland Action*, ECF No. 38); (iii) Eduardo Archer Veloso Martins and Renoporto-Investimentos Imobiliários, LDA (*Ragan Maryland Action*, ECF No. 36; *Wu SDNY Action*, ECF No. 8); (iv) Dr. Michael Bievetski (*Wu SDNY Action*, ECF No. 5); (v) Tamim Altamimi (*Ragan Maryland Action*, ECF No. 33); and (vi) Kaundria West (*Ragan Maryland Action*, ECF No. 34);

**WHEREAS**, following the withdrawal and/or non-opposition of several lead plaintiff movants, and pursuant to a stipulation and proposed order, on January 17, 2024, the Court in the *Ragan Maryland Action* appointed Sulichin and Fu as Co-Lead Plaintiffs in the *Ragan Maryland Action* and any subsequently filed or transferred actions that are consolidated with the *Ragan Maryland Action*, and approved Co-Lead Plaintiffs' selections of Levi & Korsinsky, LLP and

Hagens Berman Sobol Shapiro LPP to serve as Co-Lead Counsel (*Ragan Maryland Action*, ECF No. 50);

**WHEREAS**, on January 22, 2024, the Court in the *Ragan Maryland Action* entered a stipulation and order transferring the *Ragan Maryland Action* to the Southern District of New York, Case No. 1:24-cv-00532-PAE-SN (S.D.N.Y.) (the "<u>Ragan SDNY Action</u>," and together with the *Wu SDNY Action*, the "<u>Related Actions</u>"), and providing that: (i) Defendants are not "required to answer, move, or otherwise respond to the complaint ([*Ragan*] *Maryland Action*, ECF No. 1) until the completion of the transfer of th[e *Ragan Maryland Action*] to the Southern District of New York, and Co-Lead Plaintiffs have filed an amended complaint or designated the existing complaint as the operative complaint"; (ii) within 14 days of the completion of the transfer of the *Ragan Maryland Action*, "the Parties shall meet and confer regarding scheduling and shall submit a stipulation with the Parties' proposed schedule for the filing of an amended complaint or the designation of the existing complaint as the operating complaint and the filing of an answer, motion, or other response to the complaint"; and (iii) nothing in the Court's order "shall be deemed to constitute a waiver of any rights, defenses, objections or any other application to any court that any party may have with respect to the claims set forth in the complaint filed in the [*Ragan*] *Maryland Action* (ECF No. 1)" (*Ragan Maryland Action*, ECF No. 52);

**WHEREAS**, under Fed. R. Civ. P. 42(a), when actions involve "a common question of law or fact," the Court may "(1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay";

**WHEREAS**, the Parties agree that the Related Actions challenge substantially the same alleged conduct by substantially the same parties, and involve substantially the same questions of law and fact;

**WHEREAS**, the Parties respectfully submit that consolidation for all purposes, including pre-trial proceedings and any trial, is appropriate to avoid potentially duplicative actions and to prevent waste of the Court's and the Parties' resources;

**WHEREAS**, this stipulation is not a waiver of any of the Parties' rights, remedies, claims, or defenses;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, and respectfully requested, by the Parties hereto,[1] by and through their undersigned counsel, subject to the approval of the Court, as follows:

1. The Related Actions are hereby consolidated for all purposes pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, under Case No. 1:23-cv-10982-ER-KHP.

2. The Related Actions shall be referred to herein as the "Consolidated Action." This Order shall apply to the Consolidated Action and to each case that is subsequently filed in this Court that relates to the same subject matter as in the Consolidated Action.

3. Every pleading in this Consolidated Action shall bear the following Caption:

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| **IN RE FARFETCH LIMITED SECURITIES LITIGATION** | Case No. 1:23-cv-10982-ER-KHP [rel. 1:24-cv-00532-ER] |
|---|---|
|  | **CLASS ACTION** |
| **THIS DOCUMENT RELATES TO:** | **[TITLE OF DOCUMENT]** |

4. When the document being filed pertains to all actions, the phrase "All Actions" shall appear immediately after the phrase "This Document Relates To:", the docket number for

---

[1] Plaintiff Wu takes no position on paragraphs 5 to 7 of this Stipulation concerning case management and scheduling issues.

4

each individual action to which the document applies, along with the name of the first-listed plaintiff in said action.

5. Co-Lead Plaintiffs appointed in the *Ragan Maryland Action* shall continue to serve as Co-Lead Plaintiffs in the Consolidated Action and any subsequently filed or transferred actions that are consolidated with the Consolidated Action, and shall be represented by their selected Co-Lead Counsel, Levi & Korsinsky, LLP and Hagens Berman Sobol Shapiro LLP.

6. Defendants shall not be required to answer, move, or otherwise respond to the complaints filed in the Related Actions until Co-Lead Plaintiffs have filed an amended complaint or designated the existing complaint as the operative complaint.

7. Within fourteen (14) days of the Court's entry of this order consolidating the Related Actions, Defendants and Co-Lead Plaintiffs shall meet and confer regarding scheduling and shall submit a stipulation with the Parties' proposed schedule for the filing of an amended complaint or the designation of the existing complaint as the operating complaint and the filing of an answer, motion, or other response to the complaint.

8. Nothing herein shall be deemed to constitute a waiver of any rights, defenses, objections or any other application to any court that any party may have with respect to the claims set forth in the complaints filed in the Related Actions.

**IT IS SO STIPULATED AND AGREED TO THIS 2nd DAY OF FEBRUARY, 2024.**

| | |
|---|---|
| **LEVI & KORSINSKY, LLP** | **LATHAM & WATKINS LLP[2]** |
| /s/ Adam M. Apton | /s/ Jason C. Hegt |
| Adam M. Apton | Jeff G. Hammel |
| 33 Whitehall Street, 17th Floor | Jason C. Hegt |
| New York, NY 10004 | Jooyoung Yeu |
| Telephone: (212) 363-7500 | Andrej Novakovski |
| Facsimile: (212) 363-7171 | 1271 Avenue of the Americas |
| aapton@zlk.com | New York, NY 10020 |
| | Telephone: (212) 906-1200 |
| *Counsel for Lead Plaintiff Fernando Sulichin and Co-Lead Counsel for the Class* | Facsimile: (212) 751-4864 |
| | jeff.hammel@lw.com |
| | jason.hegt@lw.com |
| **HAGENS BERMAN SOBOL SHAPIRO LLP** | jooyoung.yeu@lw.com |
| | andrej.novakovski@lw.com |
| /s/ Lucas E. Gilmore | *Attorneys for Defendants José Neves, Elliot Jordan, and Stephanie Phair* |
| Lucas E. Gilmore (admitted *pro hac vice*) | |
| Reed R. Kathrein (*pro hac vice* forthcoming) | |
| 715 Hearst Avenue, Suite 202 | |
| Berkeley, CA 94710 | |
| Telephone: (510) 725-3000 | |
| Facsimile: (510) 725-3001 | |
| lucasg@hbsslaw.com | |
| reed@hbsslaw.com | |

Steve W. Berman (*pro hac vice* forthcoming)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

*Counsel for Lead Plaintiff Yuanzhe Fu and Co-Lead Counsel for the Class*

---

[2] Defendants use electronic signatures with consent in accordance with Rule 8.5(b) of the Court's ECF Rules and Instructions.

**THE ROSEN LAW FIRM, P.A.**

*/s/ Phillip Kim*
Phillip Kim, Esq.
Laurence M. Rosen, Esq.
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
pkim@rosenlegal.com
lrosen@rosenlegal.com

*Counsel for Plaintiff Jasmine Wu*

SO ORDERED this __6th__ day of __February__, 2024.

_____
Honorable Edgardo Ramos
United States District Judge